# EXHIBIT 1

**\*\*E-FILED\*\***
22EV000244
1/12/2022 4:47 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

STEPHANIE FRANKLIN

235 Rolling Hills Road

Gray Court, SC 29645

Plaintiff's Name, Address, City, State, Zip Code

vs.

WESTERN EXPRESS, INC.

7135 Centennial Place

Nashville, TN 37209

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:  Western Express, Inc.

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: D. Jordan Josey, McArthur Law Firm

Address: 6055 Lakeside Commons Drive, Suite 400

City, State, Zip Code: Macon, GA 31210          Phone No.: 478.238.6600

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.          _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**E-FILED**
22EV000244
1/12/2022 4:47 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

STEPHANIE FRANKLIN,

    Plaintiff,

    v.

WESTERN EXPRESS, INC.,

    Defendant.

CIVIL ACTION NO.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, STEPHANIE FRANKLIN, and files this Complaint for Damages against Defendant WESTERN EXPRESS, INC., showing this Honorable Court the following:

### VENUE AND PARTIES

1.

Defendant Western Express, Inc. is a foreign for-profit corporation authorized to transact business in the State of Georgia with its principal place of business at 7135 Centennial Place, Nashville, Tennessee 37209. Defendant is subject to the jurisdiction and venue of this court pursuant to O.C.G.A. § 14-2-510(b)(4) because the cause of action originated in Alpharetta, Fulton County, Georgia. Defendant Western Express, Inc. may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process, Kevin T. Shires at 6960 Cordery Road, Cumming, Georgia 30040.

2.

Plaintiff Stephanie Franklin is a resident of South Carolina, residing at 235 Rolling Hills Road, Gray Court, South Carolina 29645. Plaintiff submits to the jurisdiction and venue of this Court.

3.

Venue and jurisdiction are proper in this Court.

## FACTUAL ALLEGATIONS

4.

Plaintiff has suffered physical injuries and damages by reason of the facts set out below.

5.

On February 1, 2020 at approximately 6:15 p.m., Plaintiff was violently attacked in the parking lot of the Wal-Mart located at 5200 Windward Parkway, Alpharetta, Georgia 30004 and in the roadway of Windward Parkway while operating a tractor trailer by an employee of Defendant Western Express, Inc., Dietrich Franklin.

6.

At all times relevant to the subject action, Dietrich Franklin was the agent/servant/employee of Defendant Western Express, Inc. and was working as a driver trainer. Dietrich Franklin was instructed by Defendant Western Express, Inc. to train and supervise Plaintiff Stephanie Franklin.

7.

Plaintiff Stephanie Franklin was hired by Defendant Western Express, Inc. on January 31, 2020 after successfully completing an application and orientation program in Ashland, Virginia.

8.

Despite Plaintiff's request to be placed with a male driver trainer, she was placed with Dietrich Franklin and the two left the Ashland, Virginia terminal on an overnight haul on January 31, 2020.

9.

Plaintiff and Dietrich Franklin made their first stop in Virginia several hours from the Ashland, Virginia terminal at a Lumber Liquidators distribution center where they picked up a load that was bound for Alpharetta, Georgia.

10.

At the Lumber Liquidators terminal, Dietrich Franklin exposed his genitals to Plaintiff and made unwanted sexual advances towards her.

11.

Plaintiff rebuffed the unwanted sexual advances. Shortly thereafter, she emailed Defendant and requested a new driver trainer be provided to her by Defendant Western Express, Inc.

12.

Plaintiff and Dietrich Franklin continued on the haul to Alpharetta, Georgia and arrived at the Lumber Liquidators located at 735 N. Main Street, Alpharetta, Georgia shortly before dark on February 1, 2020.

13.

During the trip from Virginia to Georgia, Plaintiff was subjected to continued abuse and harassment by Dietrich Franklin but was unable to get away from him to report the incident by telephone.

14.

When Dietrich Franklin and Plaintiff arrived at the Lumber Liquidators, the store had closed for the evening, so they were forced to wait until the following morning when the store opened to make the delivery.

15.

Plaintiff drove the tractor trailer to the nearby Wal-Mart parking lot located at 5200 Windward Parkway, Alpharetta, Georgia 30004 to park the truck and trailer for the evening and wait for Lumber Liquidators to open.

16.

Dietrich Franklin left Plaintiff in the tractor trailer and went to go eat dinner. Plaintiff immediately used her cell phone to call the dispatch for Defendant Western Express, Inc. and reported the sexual assault and requested a second time that Dietrich Franklin be removed as her driver trainer.

17.

Rather than tell Plaintiff to flee the truck and await help, dispatch for Defendant informed her that a message would be sent to the onboard Qualcomm system that Plaintiff was having a family emergency and Plaintiff and Dietrich Franklin needed to report to the Atlanta terminal of Defendant located approximately 45 minutes away.

18.

Dietrich Franklin returned to the parked tractor trailer after dinner, saw the message, and became hostile towards Plaintiff.

19.

Due to his suspicion that Plaintiff reported him to Defendant, Dietrich Franklin became violent and physically attacked Plaintiff in the Wal-Mart parking lot while she was operating the tractor trailer. He pulled the emergency brake and attempted to open the driver door and throw Plaintiff out of the cab.

20.

Dietrich Franklin violently pushed and struck Plaintiff attempting to push her out of the truck. He then fled the cab of the truck and took the keys out of the ignition. A car stopped nearby called the police who reported to the scene.

21.

As a result of the violent physical attack, Plaintiff sustained injuries to her head, neck, and right shoulder.

22.

Plaintiff shows that all of her injuries, damages and suffering are a direct result of and proximately caused by the negligence of the Defendant.

## COUNT I
### General Negligence Against Defendant Western Express, Inc.

23.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

24.

At the time of the subject collision, Defendant Western Express, Inc. had a duty to exercise ordinary care for the safety of others, including Plaintiff.

25.

Defendant Western Express, Inc. breached this duty and was negligent in the following, among other, particulars:

a.) By instructing Plaintiff to return to the truck with Dietrich Franklin and drive to the Atlanta terminal after it had actual knowledge Dietrich Franklin committed a sexual assault and

engaged in otherwise threatening and violent behavior when it knew or should have known that Dietrich Franklin posed a threat of harm to Plaintiff;

b.) By failing to keep Plaintiff free of harm and instruct her to flee the truck for a place of safety until help could arrive after it had actual knowledge Dietrich Franklin committed a sexual assault and engaged in otherwise threatening and violent behavior when it knew or should have known that Dietrich Franklin posed a threat of harm to Plaintiff;

c.) By failing to take Plaintiff's prior reports of assault and abuse seriously and promptly act on the reports in a reasonable manner to prevent the physical attack which was foreseeable; and,

d.) Defendant was otherwise negligent.

## COUNT II
## Negligent Hiring, Retention & Supervision Against Defendant Western Express, Inc.

26.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

27.

At the time of the incident giving rise to this Complaint, Defendant Western Express, Inc. employed Dietrich Franklin.

28.

Defendant Western Express, Inc. had a duty to exercise ordinary care in the selection, retention, training and supervision of employees.

29.

Prior to hiring Dietrich Franklin, during his employment, and at all times leading up to and including the subject incident, Defendant Western Express, Inc. was aware or should have been aware that Dietrich Franklin was not fit for employment, yet it allowed Dietrich Franklin to travel on the overnight haul with Plaintiff who was a female driver trainee.

30.

Defendant Western Express, Inc. was negligent in the following particulars:

a.) In negligently hiring and retaining Dietrich Franklin;

b.) In failing to adequately train and supervise Dietrich Franklin; and,

c.) Defendant was otherwise negligent.

31.

As a result of Dietrich Franklin's unfitness for employment and training female subordinates, Plaintiff's injuries were foreseeable to Defendant Western Express, Inc.

## COUNT III
### Vicarious Liability of Defendant Western Express, Inc.

32.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

33.

At the time of the incident giving rise to this Complaint, Dietrich Franklin was the agent/servant/employee of Defendant Western Express, Inc. and was acting in furtherance of his employer's business.

34.

Under Georgia law, Defendant Western Express, Inc. is liable for the injuries and damages inflicted upon Plaintiff by Dietrich Franklin.

35.

As a direct and proximate result of the negligence of Defendant Western Express, Inc. Plaintiff sustained bodily injuries from which she did then suffer, now suffers, and will continue to suffer great pain of body and mind. Plaintiff shows further that she has incurred medical expenses, lost wages and other special damages.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That process and summons be issued, as provided by law, requiring Defendant to appear and to Answer Plaintiff's Complaint;

B. That Plaintiff have a trial by a fair and impartial jury of twelve members;

C. That Plaintiff obtain a judgment against Defendant in a just and reasonable amount to compensate Plaintiff for her injuries, damages and suffering;

D. That the costs of bringing this action be taxed against the Defendant; and,

E. That Plaintiff have such other and further relief as this Court shall deem just and proper.

**RESPECTFULLY SUBMITTED** this 12th day of January, 2022.

/s/ *D. Jordan Josey*
_____
KATHERINE L. MCARTHUR
Ga. Bar No. 480730
D. JORDAN JOSEY
Ga. Bar No. 325037

**McArthur Law Firm**
6055 Lakeside Commons Dr, Ste 400
Macon, GA 31210
(478) 238-6600 phone
(478) 238-6607 facsimile
jjosey@mcarthurlawfirm.com

**E-FILED**
22EV000244
1/12/2022 4:47 PM
Christopher G. Scott, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___Fulton___ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number _____ |

| Plaintiff(s) <br> Franklin, Stephanie | Defendant(s) <br> Western Express, Inc. |
|---|---|
| Last      First      Middle I.   Suffix   Prefix | Last      First      Middle I.   Suffix   Prefix |
| Last      First      Middle I.   Suffix   Prefix | Last      First      Middle I.   Suffix   Prefix |
| Last      First      Middle I.   Suffix   Prefix | Last      First      Middle I.   Suffix   Prefix |
| Last      First      Middle I.   Suffix   Prefix | Last      First      Middle I.   Suffix   Prefix |

Plaintiff's Attorney ___D. Jordan Josey___ State Bar Number ___325037___ Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☒ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ _____
Case Number          Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

**E-FILED**
22EV000244
1/12/2022 4:47 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

STEPHANIE FRANKLIN,

    Plaintiff,

v.

WESTERN EXPRESS, INC.,

    Defendant.

Civil Action No. _____

## RULE 5.2 PLAINTIFF'S CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

    I hereby certify that I have this day sent along with the Complaint and Summons in this case for personal service copies of the following discovery documents:

1.     PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WESTERN EXPRESS, INC.;

2.     PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WESTERN EXPRESS, INC.;

3.     PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT WESTERN EXPRESS, INC;

4.     NOTICE OF 30(b)(6) DEPOSITION TO DEFENDANT WESTERN EXPRESS, INC.;

5.     NOTICE OF DEPOSITION TO WAYNE HENRY; and,

6.     NOTICE OF DEPOSITION TO JUDI BEACHUM.

This 12th day of January, 2022.

                    /s/ *D. Jordan Josey*
                    _____
                    KATHERINE L. McARTHUR
                    Georgia Bar No. 480730
                    D. JORDAN JOSEY
                    Georgia Bar No. 325037

MCARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
.(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com
***Attorneys for Plaintiff***

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

STEPHANIE FRANKLIN

    Plaintiff,

v.

WESTERN EXPRESS, INC.

    Defendant.

Civil Action No. 22EV000244

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WESTERN EXPRESS, INC.

Comes Now, Plaintiff and pursuant to O.C.G.A. § 9-11-33, Plaintiff requests that Defendant answer these interrogatories, separately and individually, in writing, and under oath, and serve on the undersigned counsel of record for Plaintiff answers to the Interrogatories within forty-five (45) days from the date of service.

### INSTRUCTIONS

1.

You must exercise due diligence to secure full information to answer these interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.

If any information requested by these interrogatories is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on

which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.

These interrogatories are deemed to be continuing in accordance with the Georgia Civil Practice Act requiring timely supplementation.

<b><u>DEFINITIONS</u></b>

1.

The word "identify," when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individuals.

2.

The word "identify" when used with respect to a business means that the answering party is required to state the full name, address, and telephone number of the business.

3.

The word "identify," when used with respect to a "document," means that the answering party is required to state with respect to each such document:

a) the title or other means of identification;

b) the date of the document's creation;

c) the author, including his or her name, address, telephone number and employer;

d) the recipient, including his or her name, address, telephone number, employer, and date of receipt;

e) the names, addresses, and telephone numbers of any and all persons who have custody or control of the document; and

f)   the present location of the document.

4.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care, or control of Defendant, its agents, attorneys, or any other person affiliated with Defendant.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

5.

The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state, and federal government agencies.

6.

The word "collision" or "incident" refers to the automobile collision identified in Plaintiff's Complaint which occurred between you and Plaintiff's on or about February 1, 2020.

7.

The term "subject vehicle" refers to Defendant's vehicle involved in the Subject Incident.

## FIRST INTERROGATORIES TO DEFENDANT

## GENERAL INFORMATION

1. If the Defendant is not correctly identified in the Complaint, please state the correct name and address for service.

2. If the Defendant was improperly served, please state the factual basis for your contentions and cite the legal authority upon which you rely.

3. If you contend any other party is responsible for the injuries and/or damages sustained by Plaintiff, please identify the person or entity, the facts you rely on to form such an opinion, and state the duty or obligation you contend that person breached or violated which would make them liable.

4. State whether Dietrich Franklin was employed by Western Express, Inc. on February 1, 2020.

5. Describe Dietrich Franklin's job title and responsibilities with Western Express, Inc. If he held multiple positions with the company during his tenure, please describe each position in detail.

6. State the dates of employment of Dietrich Franklin including the start date and date he was terminated.

7. State the nature of Dietrich Franklin's departure from Western Express, Inc.

8. State whether Dietrich Franklin had been the subject of complaints by coworkers and/or trainees and whether he was subject to company discipline or reprimand at any time prior to the subject action. If so, please list the nature of the complaints and disciplinary action taken against Dietrich Franklin.

9. Please describe the investigation into the February 1, 2020 incident involving the Plaintiff and list all individuals who investigated the incident, who was interviewed regarding the incident, and what type of reports or file was created.

10. Have there been any prior claims or suits brought against Western Express, Inc. relating to driver trainer issues?

11. State whether criminal charges were sought against Dietrich Franklin and whether Western Express, Inc. reported him to law enforcement.

12. State in detail your version or description of how the subject incident occurred.

13. If there were any inward facing dash cameras in the tractor trailer operated by Plaintiff and Dietrich Franklin on February 1, 2020, please describe them including where are they placed, the views they have, and whether or not video of the subject incident was preserved by Western Express, Inc.

14. State whether any photographs were taken by you or any other individual of either the scene of the incident or parties involved.

15. Identify each and every insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy any or all of any judgment in this case which might be entered against you, and for each insurer provide the following:

    a.  Name and address of the insurance company;

    b.  Limits of liability coverage;

    c.  Policy number;

    d.  Named insured.

16. Please describe all physical, demonstrative, photographic, or documentary evidence that is contended to be relevant to the issues involved in the case.

## WITNESS INFORMATION

17. State the name, address, current telephone number, and your relationship to the following:

    a.  Any and all persons who were eyewitnesses to the incident;

  b. Any and all persons who arrived on the scene following the incident and,

  c. Any and all persons who have furnished statements, whether formal or informal, to you, your representative or your attorney.

18. Please list each person with knowledge of the subject incident, their relation to Western Express, Inc., their contact information, and what they may have knowledge of.

19. Please identify any and all persons you expect to call as expert witness in the trial of this case, and give the substance of the fact and opinions to which the expert is expected to testify as well as his address and phone number.

This 12th day of January, 2022.

            /s/ *D. Jordan Josey*

            _____

            KATHERINE L. McARTHUR
            Georgia Bar No. 480730
            D. JORDAN JOSEY
            Georgia Bar No. 325037

McARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com
***Attorneys for Plaintiff***

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

STEPHANIE FRANKLIN

     Plaintiff,

v.

WESTERN EXPRESS, INC.

     Defendant.

Civil Action No. 22EV000244

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WESTERN EXPRESS, INC.

COMES NOW, Plaintiff, STEPHANIE FRANKLIN, and serves these First Requests for Production of Documents on Defendant, pursuant to O.C.G.A. § 9-11-34, requesting that written responses be returned within forty-five (45) days from the date of service to the undersigned counsel for Plaintiff.

## INSTRUCTIONS & DEFINITIONS

1.

You must exercise due diligence to secure full information to answer these requests. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.

If any information requested by these requests for production is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on which the privilege or immunity is claimed, the general subject matter of the information and the

interrogatory and/or request to which the information is responsive.  (See UNIFORM SUPERIOR COURT RULE 5.5).

3.

The word "identify," when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individual.

4.

The word "identify," when used with respect to a "document," means that the answering party is required to state with respect to each such document:

a)  the title or other means of identification;

b)  the date of the document's creation;

c)  the author, including his or her name, address, telephone number and employer;

d)  the recipient, including his or her name, address, telephone number, employer, and date of receipt;

e)  the names, addresses, and telephone numbers of any and all persons who have custody or control of the document; and

f)  the present location of the document.

5.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care, or control of Defendant, its agents, attorneys, or any other person affiliated with Defendant.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes,

contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

6.

The words or phrases described and defined in Plaintiff's First Continuing Interrogatories to Defendant apply to these Requests and are incorporated as if set forth herein.

7.

The term "subject vehicle" refers to Defendant's vehicle involved in the subject incident.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:  A color copy of all photographs or videos relating to the subject incident on February 1, 2020. If such photographs or videos exist but are not in Defendant's possession, please state the identify and location of such photographs or videos.

REQUEST FOR PRODUCTION NO. 2:  All photographs or videos in your possession or known by you to exist which depict the scene of the subject collision.

REQUEST FOR PRODUCTION NO. 3:  A copy of the Western Express Inc.'s policies and procedures regarding driver training.

REQUEST FOR PRODUCTION NO. 4:  A copy of Western Express, Inc.'s policies and procedures regarding workplace misconduct and/or sexual harassment training.

REQUEST FOR PRODUCTION NO. 5: A complete copy of any documents relating to the investigation of the subject incident.

REQUEST FOR PRODUCTION NO. 6: A complete copy of any statements taken in reference to the February 1, 2020 incident and/or Plaintiff Stephanie Franklin.

REQUEST FOR PRODUCTION NO. 7:   A copy of all documentation reflecting any and all insurance coverage that may provide coverage for the underlying incident.

REQUEST FOR PRODUCTION NO. 8:  A copy of all documents or policies relating to Dietrich Franklin.

REQUEST FOR PRODUCTION NO. 9:  A copy of Dietrich Franklin's full and complete employment file with Western Express including all personnel records, pre-employment screenings, and background check information.

REQUEST FOR PRODUCTION NO. 10:  A copy of any recordings from any source depicting Plaintiff and Dietrich Franklin including, but not limited to, photos, videos, or recordings.

REQUEST FOR PRODUCTION NO. 11:  A copy of all prior complaints, claims, lawsuits, or any other form of notice concerning Dietrich Franklin.

REQUEST FOR PRODUCTION NO. 12:  A copy of all prior complaints, claims, lawsuits, or any other form of notice concerning driver trainers.

REQUEST FOR PRODUCTION NO. 13:  Copies of all Qualcomm data sent and received from the subject tractor trailer from January 31 to February 1, 2020.

REQUEST FOR PRODUCTION NO. 14:  All ECM data from the subject tractor trailer from January 31 to February 1, 2020.

REQUEST FOR PRODUCTION NO. 15:   A copy of any and all medical records, billing statements, or any other document related to the Plaintiff's medical condition or treatment that you have received in any third-party or non-party requests.

REQUEST FOR PRODUCTION NO. 16:  Copy of all tachometer records regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident.

REQUEST FOR PRODUCTION NO. 17: Copy of all on-board computer records regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident.

REQUEST FOR PRODUCTION NO. 18: Copy of all logbooks describing the use of the tractor and trailer operated by Plaintiff and Dietrich Franklin.

REQUEST FOR PRODUCTION NO. 19: Copy of all dispatch records regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the subject incident.

REQUEST FOR PRODUCTION NO. 20: Copy of all telephone records, including cell phone records and text messages, regarding the trip that the Plaintiff and Dietrich Franklin were on at the time of the subject incident.

REQUEST FOR PRODUCTION NO. 21: All electronic messages and electronic mail regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident

REQUEST FOR PRODUCTION NO. 22: Copy of all pick-up and delivery records regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident and for a 30 day period preceding the incident.

REQUEST FOR PRODUCTION NO. 23: Copy of all delivery manifests regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident.

REQUEST FOR PRODUCTION NO.  24: Copy of all credit card receipts regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident.

REQUEST FOR PRODUCTION NO. 25: Copy of all fuel receipts regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident.

REQUEST FOR PRODUCTION NO. 26: Copy of all state entry and departure records regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident.

REQUEST FOR PRODUCTION NO. 27: Copy of all expense sheets and receipts regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident.

REQUEST FOR PRODUCTION NO. 28: Copy of all bills of lading regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident.

REQUEST FOR PRODUCTION NO. 29: Copy of all manifests and waybills regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident.

REQUEST FOR PRODUCTION NO. 30: Copy of the written response from each state agency contacted with reference to Dietrich Franklin's driving records.

REQUEST FOR PRODUCTION NO. 31: Copy of all written records with respect to each past employer who was contacted about Dietrich Franklin's qualifications.

REQUEST FOR PRODUCTION NO. 32: Copy of any contract of employment that would govern the relationship with any party or bear on the issue of Plaintiff's and Dietrich Franklin's scope of employment.

REQUEST FOR PRODUCTION NO. 33: Dietrich Franklin's qualification file, including employee's application, list of defendant driver's previous employer's for the 10 years preceding the date of the application, the reasons for leaving said employments, medical examiner's certificate, a note showing when and who reviewed the driver's record with him or her for each year of employment, a list of certificates showing all violations of motor vehicle laws and ordinances, , responses from state agencies and employers to your inquiries about the defendant

driver's employment and driving records, certificate of road test, records of drug and alcohol tests, and an accident register listing all DOT recordable preventable accidents. (Note: Employers are required to keep the driver's file at its principal place of business as long as the defendant driver is employed and for 3 years thereafter)

REQUEST FOR PRODUCTION NO. 34: Copy of all incident reports concerning the subject incident, including any that were prepared by you or on your behalf.

REQUEST FOR PRODUCTION NO. 35: Copy of all trip reports regarding the trip that Plaintiff and Dietrich Franklin were on at the time of the incident.

REQUEST FOR PRODUCTION NO. 36: All writings giving notification to you of the Dietrich Franklin's convictions or suspensions for violating a state or local laws.

REQUEST FOR PRODUCTION NO. 37: Copy of all company manuals covering truck safety, maintenance, fleet safety programs, and driver's standards.

REQUEST FOR PRODUCTION NO.  38: Copy of all records generated through the use of the QUALCOMM OMNITRAX system with which the truck was equipped at the time of the incident.

REQUEST FOR PRODUCTION NO. 39: Copy of all employee orientation training materials.

REQUEST FOR PRODUCTION NO. 40: Copy of trucking company hiring and policies and procedures.

REQUEST FOR PRODUCTION NO.  41: Copy of all writings relating to disciplinary actions taken against the defendant driver for any reason.

This 12th day of January, 2022.

/s/ *D. Jordan Josey*

_____

KATHERINE L. McARTHUR
Georgia Bar No. 480730
D. JORDAN JOSEY
Georgia Bar No. 325037

MCARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone  (478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com
**Attorneys for Plaintiff**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

STEPHANIE FRANKLIN

     Plaintiff,

v.

WESTERN EXPRESS, INC.

     Defendant.

Civil Action No. 22EV000244

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO DEFENDANT WESTERN EXPRESS, INC.

COMES NOW, Plaintiff, STEPHANIE FRANKLIN, and, pursuant to O.C.G.A. § 9-11-36, serves these First Requests for Admissions on Defendant, requesting that full and complete response, in accordance with Georgia law, be served upon the undersigned counsel for Plaintiff within thirty (30) days from the date of service.

### FIRST REQUEST FOR ADMISSIONS

Answers should specifically deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that they have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if it fails to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order

requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff incorporates into these requests the Definitions contained in Plaintiff's First Continuing Interrogatories and Requests for Production of Documents.

## YOU ARE HEREBY REQUESTED TO ADMIT:

1.

That each of the following statements is true:  **NOTE:**  The pertinent time frame for all of the following statements and sections within this document is February 1, 2020.

A.      You are subject to the jurisdiction and venue of this court.

B.      You employed Dietrich Franklin.

C.      You employed Stephanie Franklin.

D.      You instructed Dietrich Franklin to train and supervise Stephanie Franklin.

E.      Dietrich Franklin and Stephanie Franklin left Ashland, Virginia in a tractor trailer on January 31, 2020.

F.      Prior to departure, Stephanie Franklin requested a female driver trainer.

G.      You were notified in writing that Stephanie Franklin requested a new driver trainer approximately on February 1, 2020.

H.      You were notified by telephone by Stephanie Franklin on February 1, 2020 that Dietrich Franklin had sexually assaulted her.

I.      You instructed Stephanie Franklin and Dietrich Franklin to report to the Atlanta terminal after she reported the sexual assault.

J.      You knew or should have known that Dietrich Franklin posed a threat of harm to Plaintiff after she reported the sexual assault.

K.    You did not instruct Plaintiff to leave the truck immediately and report to a place of safety before the attack.

L.    Dietrich Franklin had been disciplined by the company prior to the subject incident.

M.    Dietrich Franklin was acting within the course and scope of his employment on February 1, 2020.

2.

You were properly named and were legally served with this document, complaint, interrogatories, and request for production of documents.

3.

You have negligently injured plaintiff.

4.

You are liable to plaintiff for her injuries, damages, and suffering.

This 13th day of January, 2022.

/s/ *D. Jordan Josey*

_____

KATHERINE L. McARTHUR
Georgia Bar No. 480730
D. JORDAN JOSEY
Georgia Bar No. 325037

McARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com
***Attorneys for Plaintiff***

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

STEPHANIE FRANKLIN,

     Plaintiff,

     v.

WESTERN EXPRESS, INC.,

     Defendants.

CIVIL ACTION NO.

22EV000244

---

### NOTICE OF 30(b)(6) DEPOSITION

---

**TO: WESTERN EXPRESS, INC.**

**PLEASE TAKE NOTICE,** that on Tuesday, March 1, 2022, at McArthur Law Firm, located at 6055 Lakeside Commons Drive, Suite 400, Macon, Georgia 31210 at 12:00 P.M., pursuant to O.C.G.A. §§ 9-11-30, 9-11-45, counsel for Plaintiff will take the videotaped deposition upon oral examination of the designated representative(s) from Western Express, Inc. for purposes of discovery and cross-examination and any other purpose permitted by the Georgia Civil Practice Act and the Georgia Rules of Evidence.

     The deposition will be taken before a certified court reporter and videographer, authorized to administer oaths and to take depositions by stenographic and videographic means.  The oral examination will continue from day to day, until its completion.

     Pursuant to O.C.G.A. § 9-11-30(b)(6), Plaintiff gives notice that the designated representative of Western Express, Inc. should have knowledge of the following matters for examination:

     (1) Western Express Inc.'s Policies, Procedures or Rules regarding:

          a.  Hiring and pre-employment screening of employees;

     b.   The maintenance and location of all documents obtained or maintained on any current or former employee in the regular course of business;

     c.   Supervision and enforcement of safety rules and policies;

     d.   Driver trainers and driver trainees;

     e.   Employee Conduct including sexual harassment training.

(2) Western Express, Inc.'s investigation of the subject incident which gave rise to the above-captioned action;

(3) Western Express Inc.'s relationship, affiliation, or business connection with Dietrich Franklin;

(4) Any and all communication(s) exchanged between Western Express, Inc., Stephanie Franklin, and Dietrich Franklin;

(5) Dietrich Franklin's employment and personnel file;

(6) Any individuals with knowledge regarding the subject incident giving rise to the above-captioned action.

(7) Any piece of documentary evidence concerning the subject incident giving rise to the above-captioned action; and,

(8) Western Express, Inc.'s knowledge of the subject incident giving rise to the above-captioned action.

This 13th day of January, 2022.

/s/ *D. Jordan Josey*

D. JORDAN JOSEY
Georgia Bar No. 325037

McArthur Law Firm
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
jjosey@mcarthurlawfirm.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

STEPHANIE FRANKLIN,

    Plaintiff

v.                                                                   Civil Action No. 22EV000244

WESTERN EXPRESS, INC.,

    Defendant

---

## PLAINTIFF'S NOTICE OF VIDEOTAPED DEPOSITION TO WAYNE HENRY

    **YOU ARE HEREBY NOTIFIED** that on Tuesday, March 1, 2022, at McArthur Law Firm, located at 6055 Lakeside Commons Drive, Suite 400, Macon, Georgia 31210 at 10:00 a.m., Plaintiff will take the videotaped deposition of Wayne Henry upon oral examination pursuant to O.C.G.A. § 9-11-30 by remote means (link to be provided) before a notary public, or before some other officer duly authorized by law to take depositions.  The deposition will continue from day to day until it is completed.

    Respectfully submitted this 13th day of January, 2022.


          s/ *D. Jordan Josey*
          _____
          KATHERINE L. McARTHUR
          Georgia Bar No. 480730
          D. JORDAN JOSEY
          Georgia Bar No. 325037

MCARTHUR LAW FIRM
6055 Lakeside Commons Drive, Suite 400
Macon, GA  31210
(478) 238-6600 – Phone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

STEPHANIE FRANKLIN,

    Plaintiff

v.                                    Civil Action No. 22EV000244

WESTERN EXPRESS, INC.,

    Defendant

## PLAINTIFF'S NOTICE OF VIDEOTAPED DEPOSITION TO JUDI BEACHUM

**YOU ARE HEREBY NOTIFIED** that on Tuesday, March 1, 2022, at McArthur Law Firm, located at 6055 Lakeside Commons Drive, Suite 400, Macon, Georgia 31210 at 11:00 a.m., Plaintiff will take the videotaped deposition of Judi Beachum upon oral examination pursuant to O.C.G.A. § 9-11-30 by remote means (link to be provided) before a notary public, or before some other officer duly authorized by law to take depositions. The deposition will continue from day to day until it is completed.

      Respectfully submitted this 13th day of January, 2022.

                                     s/ *D. Jordan Josey*

                                     KATHERINE L. McARTHUR
                                     Georgia Bar No. 480730
                                     D. JORDAN JOSEY
                                     Georgia Bar No. 325037

MCARTHUR LAW FIRM
6055 Lakeside Commons Drive, Suite 400
Macon, GA  31210
(478) 238-6600 – Phone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com